1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

8  INLAND NORTHWEST RENAL CARE
   GROUP, LLC,

9                            Plaintiff,

10         v.

11  WEBTPA EMPLOYER SERVICES, LLC
    et al. et al.,

12

13                           Defendants.

14

Case No. C19-1758-JCC-SKV

ORDER GRANTING UNOPPOSED
MOTION FOR LEAVE TO AMEND
FIRST AMENDED COMPLAINT AND
FOR RELIEF FROM AMENDED
PLEADINGS DEADLINE

15              I.       INTRODUCTION

16        This action arises out of Defendant WebTPA Employer Services, LLC's alleged failure

17  to reimburse Plaintiff Inland Northwest Renal Care Group, LLC at the applicable network rate

18  for dialysis and related services Plaintiff provided to Patient X pursuant to Defendant First

19  Choice Health Network, Inc.'s healthcare network.  Currently before the Court is Plaintiff's

20  Unopposed Motion for Leave to Amend First Amended Complaint and for Relief from Amended

21  Pleadings Deadline, Dkt. 63.  Having considered the Motion, the case record, and the governing

22  law, the Court GRANTS the Motion for the reasons explained herein.

23        / / /

ORDER GRANTING UNOPPOSED MOTION FOR
LEAVE TO AMEND AND FOR RELIEF FROM
AMENDED PLEADINGS DEADLINE - 1

II.     BACKGROUND

Plaintiff provides dialysis services to patients with end stage renal disease and is a participating provider in Defendant First Choice's healthcare network.  Dkt. 22 at ¶ 4.5; Dkt. 63 at 3.  Plaintiff's network contract with Defendant First Choice states that "[r]eimbursement for Outpatient Dialysis and Related Services shall be [at the Network Rates]."  Dkt. 22 at ¶ 4.11. Defendant WebTPA is a third-party administrator of health plans, including the health plan issued to Patient X.  Dkt. 63 at 3.  Defendant WebTPA's network contract with Defendant First Choice states that Defendant WebTPA "shall process Clean Claims and produce any Explanation of Benefits (EOB) in accordance with [Network] Provider fee schedules."  *Id*.

In September 2017, Patient X sought dialysis treatment from Plaintiff.  Dkt. 22 at ¶ 4.37. Patient X presented his insurance card—which displayed Defendant First Choice's logo—to Plaintiff, thereby "triggering [Plaintiff's] contractual obligation to treat Patient X."  Dkt. 63 at 3; *see also* Dkt. 22 at ¶ 4.38.  Plaintiff provided treatment to Patient X and sought reimbursement from Defendant WebTPA at the network rate.  Dkt. 63 at 3.  Plaintiff alleges that despite Defendant WebTPA's contractual obligations, it refused to reimburse Plaintiff at this rate.  *Id.*; Dkt. 22 at ¶¶ 4.43–4.44.  Instead, it only paid Plaintiff "Medicare Like Rates," purportedly due to the existence of certain federal health programs provided to American Indians under circumstances which Plaintiff alleges are inapplicable here.  Dkt. 63 at 3; Dkt. 22 at ¶¶ 11.2– 11.3.

Plaintiff filed this lawsuit in September 2019 in King County Superior Court against Defendant WebTPA for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, breach of implied-in-fact contract, and declaratory judgment, seeking to enforce Defendant WebTPA's alleged obligation to reimburse Plaintiff at the network

1    rate. *See* Dkt. 1-1.  On October 30, 2019, Defendant WebTPA removed the action to this Court.

2    *See* Dkt. 1.  In November 2019, Plaintiff amended its Complaint to bring a number of contractual

3    and quasi-contractual claims against Defendant First Choice. *See* Dkt. 22.  Subsequently, in

4    December 2019, Defendant WebTPA moved to dismiss the First Amended Complaint. *See* Dkt.

5    25.  In April 2020, the Court denied Defendant WebTPA's Motion. *See* Dkt. 45.

6         Since that time, the parties have been engaged in discovery.  Dkt. 63 at 4.  In response to

7    requests for production served on it by Plaintiff, Defendant WebTPA began producing

8    documents in June 2021.  Dkt. 64 at ¶ 9.  Most recently, on September 10, 2021, it produced

9    approximately 5,000 documents to Plaintiff. *Id.*  As a result of Defendant WebTPA's document

10   productions, Plaintiff discovered facts it alleges support a negligence claim against Defendant

11   WebTPA. *Id.* at ¶ 12; Dkt. 63 at 5.  Plaintiff now moves the Court for leave to file a second

12   amended complaint to assert a claim for negligence against Defendant WebTPA. *See* Dkt. 63.

13        The original Case Scheduling Order in this matter was entered on March 11, 2020, and

14   set a June 5, 2020, deadline for amending pleadings. *See* Dkt. 43.  That deadline was

15   subsequently extended to December 4, 2020, via an amended Case Scheduling Order issued on

16   October 9, 2020. *See* Dkt. 53.  The Court issued two subsequent amended Case Scheduling

17   Orders on March 16, 2021, *see* Dkt. 56, and August 25, 2021, *see* Dkt. 61; however, because the

18   deadline to amend pleadings had already passed when those Orders were issued, neither included

19   an amended pleadings deadline.  Plaintiff's present Motion therefore comes after the expiration

20   of the amended pleadings deadline.

21                          III.    <u>DISCUSSION</u>

22        When, as here, a party moves to amend a pleading after the case scheduling order's

23   deadline for doing so has passed, the Court must first determine whether there is "good cause" to

ORDER GRANTING UNOPPOSED MOTION FOR
LEAVE TO AMEND AND FOR RELIEF FROM
AMENDED PLEADINGS DEADLINE - 3

amend the case scheduling order under Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. In other words, "[t]he district court may modify the scheduling order 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 amendment)). If the party seeking the extension "was not diligent," then good cause does not exist and the inquiry should end. *Id.* But if the Court determines that good cause exists, it must next assess whether the proposed amendment is proper under Rule 15(a). *Id.* at 608.

Here, Plaintiff has acted with sufficient diligence and thus has established good cause to amend the Case Scheduling Order under Rule 16(b). Plaintiff has actively pursued its claims against Defendants, including by timely engaging in the discovery process. Dkt. 64 at ¶¶ 7–8. Through that process, but after the deadline to amend pleadings had already passed, Defendant WebTPA produced documents which allegedly support a negligence claim against it. *Id.* at ¶¶ 9, 12. Shortly after receiving and reviewing those documents, Plaintiff filed the present Motion seeking relief from the amended pleadings deadline, further demonstrating its diligence in pursuing this matter. Accordingly, Plaintiff has established good cause to amend the Case Scheduling Order to permit it to assert a negligence claim against Defendant WebTPA. *Compare Rain Gutter Pros, LLC v. MGP Mfg., LLC*, No. C14–0458-RSM, 2015 WL 6030678, at *2 (W.D. Wash. Oct. 15, 2015) (granting relief from case scheduling order deadline for joining additional parties when moving party did not have the evidence which formed the basis of its requested amendment at the time the case scheduling order deadline expired), *with Nat'l Prod. Inc. v. Arkon Res., Inc.*, No. C15-1553-RSL, 2016 WL 9224046, at *4 (W.D. Wash. Nov.

8, 2016) (denying relief from case scheduling order deadline for amending pleadings when moving party claimed opposing party was at fault for failing to produce relevant documents, but the documents in question were either publicly available or not explicitly requested by the moving party in discovery), *and Precor Inc. v. Fitness Quest, Inc.*, No. C05-0993L, 2007 WL 136749, at *1 (W.D. Wash. Jan. 12, 2007) (denying relief from case scheduling order deadline for amending pleadings when moving party claimed opposing party had withheld necessary information, but the information in question had been disclosed to the moving party months prior).  Such amendment will create "no meaningful case management issues" and relies on the "factual record already developed."  *C.F. ex rel. Farnan v. Capistrano Unified School District*, 654 F.3d 975, 984 (9th Cir. 2011) (affirming finding of good cause to amend case scheduling order because amendment "did not 'infringe on the efficient adjudication' of the litigation").

Moreover, Plaintiff's proposed amendment is proper under Rule 15(a).  Under that Rule, a court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2). This policy is to be "applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Courts consider several factors in weighing whether leave to amend should be granted, including undue delay, bad faith or dilatory motive on the part of the moving party, failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, and futility.  *Id.* at 1052.  Prejudice to the opposing party is the most important factor—"[a]bsent prejudice . . . there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Id.*; *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint."). "The party opposing amendment bears the burden of showing prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

1       The aforementioned factors weigh in favor of permitting amendment.  Doing so will not

2   cause undue delay, as the negligence claim arises out of the same set of operative facts as the

3   existing claims, Dkt. 63 at 6–7, and discovery does not close until March 2022, *see* Dkt. 61,

4   enabling the parties to further pursue relevant discovery as needed.  Moreover, there is no

5   evidence that Plaintiff is acting in bad faith or with a dilatory motive and no party, including

6   Defendant WebTPA, opposes amendment, Dkt. 64 at ¶ 13, indicating no party will suffer

7   prejudice.  Plaintiff has therefore met Rule 15(a)'s "extremely liberal" standard for amendment.

8   Its Motion for leave to amend the First Amended Complaint to assert a negligence claim against

9   Defendant WebTPA is therefore GRANTED.

10                  IV.      <u>CONCLUSION</u>

11       For the foregoing reasons, Plaintiff's Unopposed Motion for Leave to Amend First

12   Amended Complaint and for Relief from Amended Pleadings Deadline, Dkt. 63, is GRANTED.

13   Plaintiff is directed to file and serve its Second Amended Complaint on all parties within

14   **fourteen (14) days** of the date of this Order.  The Clerk is directed to send copies of this Order

15   to the parties and to the Honorable John C. Coughenour.

16       Dated this 31st day of January, 2022.

17

18

19

20   S. KATE VAUGHAN
    United States Magistrate Judge

21

22

23

ORDER GRANTING UNOPPOSED MOTION FOR
LEAVE TO AMEND AND FOR RELIEF FROM
AMENDED PLEADINGS DEADLINE - 6