THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INLAND NORTHWEST RENAL CARE
GROUP, LLC d/b/a NORTHPOINTE
DIALYSIS,

Plaintiff,

v.

WEBTPA EMPLOYER SERVICES, LLC
and FIRST CHOICE HEALTH NETWORK,
INC.

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. C19-1758-JCC-SKV

**JOINT MOTION FOR ENTRY OF
ORDER STAYING CASE AND
(~~PROPOSED~~ ORDER)**

NOTED ON MOTION CALENDAR:
FEBRUARY 2, 2022

The Parties to the above-captioned action, Plaintiff Inland Northwest Renal Care Group,

LLC d/b/a Northpointe Dialysis ("Northwest"), Defendant WebTPA Employer Services, LLC

("WebTPA"), and Defendant First Choice Health Network, Inc. ("First Choice") (collectively,

the "Parties"), hereby jointly move for entry of an order staying the case and all associated

deadlines for a period of 90 days, to permit the Parties to focus on a series of scheduled

mediations with the Parties to this case and multiple other entities who may bear ultimately

responsibility for any damages award.  The Parties believe that this stay will facilitate their joint

efforts to resolve this dispute without the need for further litigation or use of judicial resources.

In support of this Joint Motion, the Parties state as follows:

1.     This lawsuit arises from a dispute between the Parties with regard to the rates

that Defendant WebTPA paid for the dialysis and related services that Plaintiff Northwest

JOINT MOTION FOR ENTRY OF ORDER STAYING CASE AND
~~PROPOSED~~ ORDER - 1
No. C19-1758-JCC-SKV

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

**Error! Unknown document property name.**

provided to a specific patient under the PPO network operated by Defendant First Choice.  This case is currently in the discovery stage with a trial date set for August 22, 2022.

2.      This lawsuit has spawned two other legal proceedings: (1) an arbitration between Defendant WebTPA and the Spokane Tribe (the "Arbitration"), and (2) a lawsuit in this Court between Defendant WebTPA and its insurance carrier (entitled *Associated Industries Ins. Co. v. Communitas, Inc. et al.* and currently pending as Civil Action No. 2:21-cv-00708-LK).

3.      Over the preceding year, the Parties to this action have been engaged in settlement discussions to attempt to resolve this dispute outside of court.  On May 26, 2021, the Parties attended a mediation and have continued settlement discussions thereafter.  At the time of that first mediation, other stakeholders in this matter (including the Spokane Tribe and its principle stop-loss insurer) were unwilling to participate in the settlement discussions.

4.      Recently the Spokane Tribe and other parties to the Arbitration have agreed to participate in a mediation process to hopefully come to a full and complete resolution to this entire dispute.  The Parties are hopeful that the participation of these additional entities will facilitate a settlement.

5.      To further this goal, the Parties have now agreed to schedule two further mediations to occur in February 2022, which the Parties are hopeful will lead to the final resolution of this entire dispute.  The first of the mediations is currently scheduled for February 8, 2022, and is expected to include the Defendants and a number of other third parties that may ultimately bear financial responsibility for Northwest's contended damages.  This first mediation is intended to allow discussions that will facilitate the negotiations with the Plaintiff to resolve the matter in the second mediation, which is scheduled for February 23, 2022.

6.      The Parties and various stakeholders are committed to attempting to resolve the case and believe that everyone's interests are best served by allowing the Parties to avoid further litigation expense and focus their efforts on resolution.  Given the progress of settlement discussions thus far, they are hopeful that they can ultimately settle this case in February or shortly thereafter.

JOINT MOTION FOR ENTRY OF ORDER STAYING CASE AND
~~PROPOSED~~ ORDER - 2
No. C19-1758-JCC-SKV

**Error! Unknown document property name.**

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

7.      Pursuant to the current Case Scheduling Order, there are a number of deadlines approaching that would otherwise require the Parties to focus their attentions on litigation and expend considerable resources in the short term.  The discovery motion deadline is set for February 24, 2022, and the close of discovery is set for March 25, 2022.  *See* Dkt. No. 61. Should the deadlines not be stayed, the Parties will need to not only expend resources, but will likely burden the Court with motions to compel that would not be necessary should this matter settle.  Further, suspending the need to do this work will place additional pressure on the Parties to settle the case, as the Parties will be able to avoid additional fees and costs from this additional work should the matter settle.  The Parties jointly wish to attempt to resolve this matter without the counterproductive need to conduct further discovery, and litigate a number of discovery disputes.

8.      "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Ali v. Trump*, 241 F. Supp. 3d 1147, 1151 (W.D. Wash. 2017) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.").  In considering whether to grant a stay, the District Court should consider several factors, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Whether to stay proceedings rests in the "sound discretion" of the District Court.  *Ali*, 241 F. Supp. 3d at 1151.

9.      Courts in the Ninth Circuit have stayed litigation where a settlement would resolve the entire litigation and thereby preserve judicial resources.  *See Branca v. Iovate Health Sciences, Inc.*, No. 12cv01686-LAB (WMC), 2013 WL 1344306, at *2 (S.D. Cal. April 2, 2013) (staying litigation because settlement in separate litigation would resolve both actions);

JOINT MOTION FOR ENTRY OF ORDER STAYING CASE AND ~~PROPOSED~~ ORDER - 3
No. C19-1758-JCC-SKV

**Error! Unknown document property name.**

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1  *Christensen v. CLP Resources, Inc.*, No. CV 14-8073-GW(PLAx), 2015 WL 13764185, at *1
2  (C.D. Cal. Nov. 16, 2015).

3        10.    Here, the Court should exercise its discretion to stay this case for a period of 90
4  days to permit the Parties to engage in the scheduled mediations and focus their efforts on
5  resolving the matter without the need for further litigation.  All of the relevant factors weigh in
6  favor of granting a stay.  There is no hardship or damage posed by granting a stay – all Parties
7  are joining in this Motion, and no party will be prejudiced by the granting of a stay.  Granting
8  a stay will hopefully allow the Parties to resolve this case entirely, as well as two other
9  associated litigations, thereby saving judicial resources, as well as the resources of the parties
10  to this action and the other proceedings.

11        WHEREFORE, the Parties respectfully request that the Court enter an order staying the
12  case and all associated deadlines for a period of 90 days.

13  //
14  //
15  //
16  //
17  //
18  //
19
20
21
22
23
24
25
26
27

JOINT MOTION FOR ENTRY OF ORDER STAYING CASE AND
~~PROPOSED~~ ORDER - 4
No. C19-1758-JCC-SKV

**Error! Unknown document property name.**

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1    Respectfully submitted by the Parties on this 2nd day of February, 2022:

2

3                                        */s/ Carin Marney*                                    .
                                         Carin Marney, WSBA No. 25132
4                                        LANE POWELL PC
                                         1420 Fifth Ave., Ste. 4200
5                                        P.O. Box 91302
                                         Seattle, WA 98111-9402
6                                        Tel.:  206-223-7000
                                         marneyc@lanepowell.com
7                                        *Attorney for Plaintiff Northwest*

8                                        */s/ Robert Zaffrann*                                 .
                                         Robert Zaffrann, *Pro Hac Vice*
9                                        Adam Santeusanio, *Pro Hac Vice*
                                         DUANE MORRIS LLP
10                                       100 High Street, Suite 2400
                                         Boston, MA 02110
11                                       Tel.: 857-488-4200
                                         rzaffrann@duanemorris.com
12                                       amsanteusanio@duanemorris.com
                                         *Attorney for Plaintiff Northwest*
13

14                                       */s/ Wendy Lyon*                                      .
                                         Wendy Lyon, WSBA No. 34461
15                                       FOX ROTHSCHILD LLP
                                         1001 Fourth Ave., Suite 4500
16                                       Seatle, WA 98154-1065
                                         Tel.: 206-389-1667
17                                       wlyon@foxrothschild.com
                                         *Attorney for Defendant First Choice*
18

19                                       */s/ Andrew Holly*                                    .
                                         Benjamin Greenberg, WSBA No. 44120
20                                       Andrew Holly, *Pro Hac Vice*
                                         DORSEY & WHITNEY LLP
21                                       701 Fifth Ave., Suite 6100
                                         Seattle, WA 98104-7043
22                                       Tel.: 206-903-5442
                                         greenberg.ben@dorsey.com
23                                       holly.andrew@dorsey.com
                                         *Attorney for Defendant WebTPA*
24

25

26

27

JOINT MOTION FOR ENTRY OF ORDER STAYING CASE AND                    **LANE POWELL PC**
~~PROPOSED~~ ORDER - 5                                              1420 FIFTH AVENUE, SUITE 4200
No. C19-1758-JCC-SKV                                                P.O. BOX 91302
                                                                    SEATTLE, WA  98111-9402
**Error! Unknown document property name.**                         206.223.7000  FAX: 206.223.7107

1

## [Proposed] Order

The Parties' Joint Motion for Entry of Order Staying Case is hereby GRANTED and IT IS HEREBY ORDERED that:

1.     The above-captioned action and all deadlines related thereto shall be stayed for a period of 90 days;

2.     The Parties shall file a joint status report 90 days after the date of this Order regarding the status of settlement negotiations and advising whether the Parties wish to extend the stay.

**SO ORDERED this 4th day of February, 2022.**

S. KATE VAUGHAN
United States Magistrate Judge

JOINT MOTION FOR ENTRY OF ORDER STAYING CASE AND
PROPOSED ORDER - 6
No. C19-1758-JCC-SKV

**Error! Unknown document property name.**

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107