THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INLAND NORTHWEST RENAL CARE GROUP, LLC,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>WEBTPA EMPLOYER SERVICES, LLC and FIRST CHOICE HEALTH NETWORK, INC.<br><br>　　　　　　　　Defendants. | CASE NO. C19-1758-JCC-SKV<br><br>ORDER |

This matter comes before the Court on Defendants' objections (Dkt. No. 115) to the report and recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 113).[1] Having thoroughly considered the R&R, the briefing, the relevant record, and finding oral argument unnecessary, the Court OVERRULES Defendants' objections, ADOPTS the R&R, and DENIES Defendants' motion for judgement on the pleadings (Dkt. No. 77), and GRANTS in part Plaintiff's motion to strike (Dkt. No. 93) for the reasons explained below.

---

[1] In their briefs, both parties refer to Magistrate Judge Vaughan as "the magistrate." Congress adopted the title of "United States Magistrate Judge" several decades ago. Federal Courts Study Implementation Act of 1990, Pub. L. No. 101-650, § 321 (1990). In the future filings, the parties should use the appropriate title for Judge Vaughan or any of her colleagues.

## I. BACKGROUND

The R&R sets forth the facts and procedural history of this case, which the Court will not repeat here. (*See* Dkt. No. 113 at 1–7.) Judge Vaughan recommends the Court DENY Defendants' motion for a judgement on the pleadings and GRANT in part Plaintiff's motion to strike. (Dkt. No. 113-1 at 1–2.) Defendants object on the grounds that Judge Vaughan misconstrued the caselaw and applied the wrong legal standard. (Dkt. No. 115.) The Court OVERRULES Defendants' objections and ADOPTS the R&R in full for the reasons stated below.

## II. DISCUSSION

A district court reviews *de novo* the portions of an R&R to which a party properly objects. *See* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommendations; receive further evidence; or return the matter to the magistrate judge with further instructions. *Id.* A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2).

### A. Defendants' Objections

#### 1. Relevant Case Law

Defendants contend the R&R contradicts "two substantially identical cases from this Circuit." (Dkt. No. 115 at 2–5.) As a threshold issue, these cases are unpublished and not binding on this Court. Ninth Circuit Rule 36-3. Moreover, they are factually distinguishable from the present controversy. The first was based, in part, on adverse coverage determinations. *LDFS LLC v. IEC Grp. Inc.*, 2017 WL 3215556 slip op. at 2–3 (D. Ariz. 2017). Moreover, the defendant's failure in *LDFS* to meet the relevant healthcare plan's obligations was dispositive. *Id.* Said differently, because the claims in *LDFS* necessarily involved the plan, the plan became a necessary party to the resolution of the claim. *Id.* As Judge Vaughan correctly noted, those facts are not present here. (*See* Dkt. No. 113 at 15). And, even if it were binding, the second was

decided *after* Judge Vaughan issued her R&R. *See Dedicato Treatment Ctr., Inc. v. IEC Grp., Inc.*, 2022 WL 18216009 (C.D. Cal. 2022). Therefore, a failure to consider this decision could not have been a source of error. Moreover, like *LDFS*, it is factually distinguishable. In *Dedicato*, the plaintiff's claims were based on misrepresentations about the benefits under the relevant health plan, not contractual claims between the parties. *Id.*, slip op. at 12.

Accordingly, the Court FINDS that Judge Vaughan did not err in her application of the relevant case law.

### 2. Application of Legal Standard

Motions for judgement on the pleadings are governed by Rule 12(c). *See* Fed. R. Civ. P. 12(c). As Judge Vaughan correctly noted, they are "functionally identical" to Rule 12(b)(6) motions. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Like a Rule 12(b)(6) motion, a claim survives a Rule 12(c) motion where "the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Id.* at 1054. In considering such a motion, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Despite this precedent, Defendants argue that Judge Vaughan was wrong to apply the "*general* Rule 12 standard, which resolves all doubts in the plaintiff's favor." (Dkt. No. 115 at 5) (emphasis added). Defendants do not contend that Rule 12(c) does *not* apply to motions for judgment on the pleadings, nor do they contest the Ninth Circuit law applying this legal standard. Instead, they seek to sidestep the Rule 12 standard for a presumably more deferential standard under Rule 19. (Dkt. No. 115 at 5.) If Judge Vaughan should have applied anything but what the Defendants label a "general Rule 12 standard," Defendants must provide case law to support this argument. Instead, they cite cases involving Rule 19 analysis. (*Id.*) Not one supports the notion that the "general Rule 12 standard" would not apply here.

Accordingly, the Court FINDS that Judge Vaughan did not err in her application of the

legal standard for a Rule 12(c) motion.

                3.   <u>Plaintiff's Motion to Strike</u>

Plaintiff filed a surreply to Defendants' Rule 12(c) motion, asking Judge Vaughan to strike "a series of false, misleading, and improper arguments in Defendant WebTPA's Reply" brief. (Dkt. No. 93 at 1.) In response, Judge Vaughan struck three out of four of Defendants' challenged statements. (Dkt. No. 113 at 25–27.) In so doing, Judge Vaughan made the following statements, which Defendants object to: "nowhere in its opposition did Northwest argue the plaintiff in either case [*LDFS*] was seeking plan benefits under ERISA," and "WebTPA mischaracterized the facts in *LDFS* when it misleadingly quoted an argument from the *LDFS* plaintiff's brief." (Dkt. No. 115 at 10.)

In supporting these objections, Defendants' quote the Plaintiff, who argued that the plaintiff in *LDFS* was "expressly seeking plan benefits and challenging the plan's denial of benefits." (*Id*.) Defendants then cite *LDFS* to demonstrate that the group health plan in question were governed by ERISA. (*Id*.) This belies the point. Just because a plan was governed by ERISA, it does not necessarily follow that a plaintiff is seeking plan benefits under ERISA. Judge Vaughan correctly noted this distinction, (Dkt. No. 113 at 26), and did not err in striking this portion of Defendants' reply brief.

Defendants' remaining objections to Judge Vaughan's ruling on the motion to strike are little more than thinly veiled efforts to reiterate the merits of their claims, are filled with conclusory statements, summarize arguments previously presented, and do not demonstrate any error on the part of Judge Vaughan. (*Compare* Dkt. No. 113 at 25–27, *with* Dkt. No. 115 at 10–11). Consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

ORDER
C19-1758-JCC-SKV
PAGE - 4

### III. CONCLUSION

For the foregoing reasons, the Court hereby FINDS and ORDERS as follows:

1. Defendants' objections to the R&R (Dkt. No. 115) are OVERRULED;
2. The Court APPROVES and ADOPTS the R&R (Dkt. No. 113);
3. Defendants' motion for judgement on the pleadings (Dkt. No. 77) is DENIED;
4. Plaintiff's motion to strike is GRANTED in part (Dkt. No. 93) as outlined in the R&R (Dkt. No. 113);
5. The Clerk is DIRECTED to send copies of this order to Judge Vaughan.

DATED this 16th day of February 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE